**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Wilber F.,

Petitioner,

v.

Todd Blanche, *Attorney General*; Markwayne Mullin, *Secretary of Homeland Security*; David Venturella, *Acting Director of U.S. Immigration & Customs Enforcement*; David Easterwood, *Field Office Director for Enforcement and Removal Operations*; and Joel Brott, *Sherburne County Sheriff*,

Respondents.

File No. 26-CV-4266 (JMB/DLM)

**ORDER**

---

Wilber F., Elk River, MN, self-represented.

Carl Berry, United States Attorney's Office, Minneapolis, MN; and David W. Fuller, United States Attorney's Office, Minneapolis, MN for Respondents Todd Blanche, Markwayne Mullin, David Venturella, Marcos Charles, U.S. Immigration & Customs Enforcement; U.S. Department of Homeland Security; David Easterwood, and Joel Brott.

---

This matter is before the Court on Petitioner Wilbur F.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, Pet.]), which names

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Todd Blanche, Markwayne Mullin, David Venturella, David Easterwood, and Joel Brott (together, the Respondents). Respondents do not contest the facts in the Petition or any of the relief requested. Therefore, the Court grants the unopposed Petition.

**FINDINGS OF FACT**

The Court adopts as its findings of fact the unopposed factual allegations in the Petition. Respondents were ordered to timely respond to the Petition on or before October 6, 2026. In lieu of filing a response, Respondents joined Wilbur F.'s request for release. Respondents did not contest the facts or the relief requested in the Petition.

**DISCUSSION**

In his Petition, Wilbur F. seeks immediate release and requests declaratory relief, including declarations that 8 U.S.C. § 1226(a) governs Petitioner's custody, that section 1226(c) is inapplicable to him, and that continued detention violates the Due Process clause. (Pet. at 6–8.)

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng*

*Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025). Failing to respond to a petition constitutes an express waiver of any arguments or claims that could have been raised. *See Rodriguez Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)); *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), overruled on other grounds by *Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

In this case, Respondents request that the Court grant the Petition and order Wilbur F.'s release. (Doc. No. 7.) Respondents do not contest any facts or any of the requested relief. Therefore, the Petition is unopposed, and the Court grants the Petition in full.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Wilbur F. immediately, without conditions, and in any event no later than 4:00 p.m. CT on October 8, 2026.

2. Respondents detained Wilbur F. pursuant to 8 U.S.C. § 1226(a), and the provisions of this section apply to Wilbur F.

3. The provisions of 8 U.S.C. § 1226(c) do not apply to Wilbur F.

4. Wilbur F.'s continued detention violates the Due Process Clause of the United States Constitution.

5. On or before 11:00 a.m. CT on October 9, 2026, counsel for Respondents shall file a letter affirming that they have released Wilbur F.

6. On or before 11:00 a.m. CT on October 9, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

7. Wilbur F.'s request for a Temporary Restraining Order (Doc. No. 2) is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 7, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court